IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RAY JULIUS THOMAS, III (01),

    Defendant.

Case No. 18-40033-01-DDC

### MEMORANDUM AND ORDER

Pro se[1] defendant Ray Thomas has asked the court to release him from prison. Doc. 113. While the filing doesn't specify the legal authority Mr. Thomas intends to invoke, the court construes it as a motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). The government filed a Response to Mr. Thomas's motion. Doc. 115. For reasons explained in this Order, the court denies Mr. Thomas's motion.

**I.  Background**

On May 16, 2019, Mr. Thomas entered a guilty plea (Doc. 83) to one count of possession with intent to distribute methamphetamine, violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Doc. 96 at 1 (Presentence Investigation Report)). On October 23, 2019, the court sentenced him to 108 months' imprisonment and four years' supervised release. Doc. 103. Today, Mr. Thomas is incarcerated at the Leavenworth Prison Camp in Leavenworth, Kansas. *See* Bureau of Prisons, *Ray Julius Thomas (Reg. No. 24353-031)*, https://www.bop.gov/inmateloc/ (last visited July 13, 2023); Doc. 113. His projected release date is November 11, 2024. Bureau of Prisons, *supra*.

---

[1]  Because Mr. Thomas proceeds pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id.*

Mr. Thomas filed a prior Motion for Compassionate Release in June 2020. Doc. 105. The court denied that motion. Doc. 112. Mr. Thomas then filed this Motion for Compassionate Release in May 2023 (Doc. 113) and the government responded (Doc. 115).

## II.     Legal Standard

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but [this] rule of finality is subject to a few narrow exceptions. One such exception is contained in [18 U.S.C.] § 3582(c)(1)." *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (citation and internal quotation marks omitted). This exception permits district courts to modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A); *see also Maumau*, 993 F.3d at 830–31 (reviewing § 3582(c)(1)'s history, text, and requirements). Exhaustion "is required by statute, 18 U.S.C. § 3582(c)(1)(A), and a litigant's pro se status does not relieve him of the burden of exhaustion." *United States v. Barrio*, No. 21-6103, 2022 WL 898764, at *7 (10th Cir. Mar. 28, 2022). Our Circuit has held that this exhaustion requirement is a claim-processing rule that the government may waive or forfeit. *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021). But if invoked, the court must decide whether the movant has discharged his duty to exhaust. *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017) ("If properly invoked, mandatory claim-processing rules must be enforced[.]").

## III.    Analysis

Here, the government has asserted that Mr. Thomas failed to exhaust all available administrative rights. Doc. 115 at 5. So, the court must decide whether Mr. Thomas has

exhausted. The government argues that Mr. Thomas has failed to demonstrate exhaustion and that it "is forced to invoke the claim-processing rule in this instance." *Id.*

The Bureau of Prisons didn't make the pertinent motion here—Mr. Thomas did. *See generally* Doc. 113. That means Mr. Thomas must demonstrate that he has exhausted all his administrative rights to appeal or that 30 days have passed after he requested relief from the warden at his facility. But Mr. Thomas neither asserts that he exhausted those administrative rights nor provides any evidence of exhaustion.

Mr. Thomas must request that the Bureau of Prisons bring a motion for compassionate release on his behalf. If the Bureau of Prisons doesn't, Mr. Thomas must exhaust the administrative process to appeal the Bureau's failure to bring that motion, or he must wait until 30 days have passed without the warden responding to his request, whichever comes first. Once he meets those requirements, he may file a motion to modify his sentence under 18 U.S.C. § 3582(c)(1)(A). But as things stand now, the court must deny Mr. Thomas's motion because he hasn't exhausted his administrative remedies.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Ray Thomas's request (Doc. 113)—construed as a Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A)—is denied without prejudice to refiling once he has exhausted his administrative remedies.

**IT IS SO ORDERED.**

**Dated this 24th day of July, 2023, at Kansas City, Kansas.**

> s/ Daniel D. Crabtree
> **Daniel D. Crabtree**
> **United States District Judge**